IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Dameon Commander,<br><br>                Plaintiff,<br><br>    vs.<br><br>S.C. Department of Transportation;<br>Tony Ford, Driver for D.O.T.; S.C.<br>Department of Corrections; Jon<br>Ozmint, Director, South Carolina<br>Department of Corrections,<br><br>                Defendants. | Civil Action No. 6:09-1686-TLW-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion of defendant Tony Ford for dismissal. In his complaint, the plaintiff, who is a state prisoner proceeding *pro se*, alleges that he was a passenger in a South Carolina Department of Transportation ("DOT") vehicle driven by Ford, a DOT employee, when the vehicle was involved in an accident. According to the complaint, Ford was cited by law enforcement for speeding. The plaintiff alleges physical injuries as a result of the accident, and he alleges that he has not received appropriate medical care by the Department of Corrections. The plaintiff named as defendants the DOT, Ford, the South Carolina Department of Corrections ("SCDC"), and Jon Ozmint, the Director of the SCDC.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On November 9, 2009, defendant Ford filed a motion to dismiss. By order of this court filed November 10, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Defendant Ford filed a supplemental motion to dismiss on November 20, 2009, and another *Roseboro* order was issued on November 23, 2009. The plaintiff filed his response on November 24, 2009, and the defendant filed a reply on November 25, 2009.

In his supplemental motion to dismiss,[1] Ford argues that he is not a proper defendant under the South Carolina Tort Claims Act ("SCTCA"). *See* S.C. Code Ann. § 15-78-70. This court agrees. The only claim against Ford in the complaint relates to his "negligent" operation of the vehicle in which the plaintiff was riding at the time of the accident. The SCTCA constitutes the exclusive remedy for torts committed by a government employee acting within the scope of his official duties.[2] *Id.* § 15-78-70(a). In such a case, the agency or political subdivision for which the employee was acting is the proper party defendant. *Id.* § 15-78-70(c). Accordingly, the DOT is the proper defendant for the plaintiff's SCTCA claims. Furthermore, the plaintiff's constitutional claims are

---

[1]In his original motion to dismiss, Ford argued that he has not been properly served. Docket entry 28 shows that a copies of the summons and complaint were sent by certified mail to Tony Ford, SC Dept. of Transportation, 955 Park Street, P.O. Box 191, Columbia, SC 29202. On September 10, 2009, the documents were received and signed for by an agent of the DOT. On September 30, 2009, the then attorney for defendants DOT and Ford moved for an extension of time to file an answer. In that motion, the attorney stated that the defendants were served with the summons and complaint on September 10, 2009. In his motion to dismiss filed a month later, Ford argued that service was not proper because he was no longer an employee of the DOT at the time of service of process. Accordingly, he should have been personally served pursuant to Federal Rule of Civil Procedure 4(e). This court finds that the plaintiff had good cause to believe that the summons and complaint were properly and timely served on Ford. As this court finds that Ford is not a proper defendant to this action as discussed above, dismissal is recommended on that basis.

[2]The statute does not give an employee immunity if it is proved that the employee's conduct "was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude," none of which appear to be the case here. *See* S.C. Code Ann. 15-78-70(b).

directed to the SCDC and relate to his medical care following the accident. Defendant Ford is not involved in those claims.

Based upon the foregoing, this court recommends that defendant Ford's supplemental motion to dismiss (doc. 43) be granted. Should the district court adopt this recommendation, defendant Ford's original motion to dismiss (doc. 39) will be rendered moot.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

December 21, 2009

Greenville, South Carolina