IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Dameon Commander, | ) |
|                         Plaintiff, | ) Civil Action No. 6:09-1686-TLW-WMC |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| S.C. Department of Transportation;<br>S.C. Department of Corrections;<br>Jon Ozmint, Director, South Carolina<br>Department of Corrections, | ) |
|                         Defendants. | ) |

       This matter is before the court on the motion of the plaintiff to dismiss his complaint *without prejudice* and to "remove" the case to state court. In his complaint, the plaintiff, who is a state prisoner proceeding *pro se*, alleges that he was a passenger in a South Carolina Department of Transportation ("DOT") vehicle driven by Tony Ford, a DOT employee, when the vehicle was involved in an accident. According to the complaint, Ford was cited by law enforcement for speeding. The plaintiff alleges physical injuries as a result of the accident, and he alleges that he has not received appropriate medical care by the South Carolina Department of Corrections ("SCDC"). The plaintiff named as defendants the DOT, Ford, the SCDC, and Jon Ozmint, the Director of the SCDC. Ford was dismissed from the case on January 13, 2010, pursuant to order by The Honorable Terry L. Wooten, United States District Judge.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff states in his motion that he received inaccurate advice from a "jailhouse lawyer" who assisted him in filing his complaint. The plaintiff states that he realizes now that his complaint should have been filed in state court and should have alleged a claim under the Tort Claims Act. The plaintiff states that his federal complaint "failed to raise a federal question and pursued the wrong court for jurisdiction." The plaintiff asks that the court dismiss the case *without prejudice* and "remand" or "remove" the case to state court.

The defendants oppose the motion, arguing that it is untimely as they have answered discovery requests from the plaintiff and have begun preparing a motion for summary judgment. The defendants are willing to stipulate to the dismissal of the plaintiff's claims provided that at least the plaintiff's federal law claims are dismissed *with prejudice*. The defendants further note that the case cannot be remanded to state court as it was not removed from state court. This court agrees with the defendants' position.

Based upon the foregoing, this court recommends that the plaintiff's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) be granted in part. The plaintiff's federal claims should be dismissed *with prejudice*, and any state law claims should be dismissed *without prejudice*. The plaintiff would then be free to file a complaint in state court should he so desire.

s/William M. Catoe
United States Magistrate Judge

March 31, 2010

Greenville, South Carolina